In the Matter of RICHARD L. BALTIMORE, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 4, 1987

**APPEARANCES OF COUNSEL**

*Geri R. Klein* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Herbert B. Evans* of counsel *(Shea & Gould,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee for the First Department, seeks an order suspending respondent from practice pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), pending resolution of the charges against him.

Respondent was admitted to practice in the First Department on April 15, 1935 and maintains an office for the practice of law within this Department.

On February 6, 1987, respondent was served with notice that the Committee had received several complaints, charging him with professional misconduct involving seven different clients and legal matters. The charges included conversion of client and third-party funds, neglect, failing to preserve funds in a special or escrow account, issuing checks with insufficient funds and misrepresentations to the Committee during its investigation.

Respondent answered on March 2, 1987, denying certain critical allegations in each of the seven charges but admitting others. He denied converting client or third-party funds and misrepresenting the facts to the Committee, but admitted having improperly disbursed escrow funds to a client without the knowledge or permission of the escrowee (charge four), having improperly issued escrow checks which were returned because of insufficient funds (charges four, five and six), one of which, as of the date of this motion, has still not been paid (charge six), and having failed and neglected to commence an action within the applicable Statute of Limitations (charge one).

At the time this motion was submitted, a hearing on the disciplinary charges had been held and the matter is currently pending before the Hearing Panel, awaiting its decision and recommendations. Nevertheless, the Disciplinary Committee has moved to suspend respondent from practice pending final disposition of the charges against him, pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), on the ground that respondent is guilty of "professional misconduct immediately threatening the public interest", premised upon "a substantial admission under oath that the attorney has committed an act or acts of professional misconduct" or "other uncontroverted evidence of

professional misconduct." While respondent appeared by counsel and obtained an adjournment of the motion, no opposing papers on the motion have been submitted.

Review of the pleadings plainly shows that respondent has admitted serious acts of professional misconduct, which, on this record, warrant his immediate suspension. These relate to his improper disbursement of escrow funds and issuance of escrow checks which were returned for insufficient funds. Thus, charge four alleges that, as attorney for the seller of a vacant lot at 4 West 104th Street, New York, New York, respondent received a $12,000 down payment, which was to be held in escrow, but, on January 22, 1985, prior to closing and without the purchaser's authorization, he improperly disbursed to his client $1,000 of the contract deposit. While he denied converting any funds, he did admit that a subsequent check, drawn on his "trustee" account, was returned for insufficient funds. Charge five relates to his representation of the seller of premises at 229 West 135th Street, New York, New York, and his receipt of $7,500 as a down payment on the purchase price, which was to be held in escrow until the closing. Although respondent denied converting this sum to his own use, his check to the seller, drawn on his trustee account, was returned for insufficient funds on two occasions, on September 23 and December 13, 1985, and was not paid in full until nine months later. Charge six pertains to his representation of the seller of premises located at 2625 Bedford Avenue, Brooklyn, New York, and his handling of $5,000, which was delivered to respondent at the closing, on July 24, 1985, to be placed in escrow to ensure that the premises would be delivered in clean condition, with all debris removed, that the heating, plumbing and electrical systems would be in working order, and pending a final water meter reading. On January 22, 1986, when respondent subsequently issued a check to his client from his trustee account for the balance, less certain adjustments, the check was returned for insufficient funds and, to date, the client has not been paid the balance due.

In our view, these substantial admissions, under oath, of acts of professional misconduct warrant respondent's immediate suspension in order to protect the public interest. He has admittedly failed to maintain the integrity of escrow funds, both in terms of his improper disbursement of those funds and his tendering of checks on an overdrawn account, several of which were returned for insufficient funds. One client has

never been paid the balance due from that escrow account. Respondent's repeated mishandling of escrow funds, unrefuted on this record, is precisely the type of situation envisioned by our rule authorizing immediate suspension in order to protect the public, especially in view of the nature of the charges and recent dates of these admitted acts.

Accordingly, on that basis, pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), respondent should be suspended forthwith until such time as the complaint against him has been finally disposed of and/or until further order of this court.

MURPHY, P. J., SULLIVAN, MILONAS, KASSAL and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith, until such time as the complaint against him has been finally disposed of and until the further order of this court.