In the Matter of RICHARD L. BALTIMORE, JR., a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 29, 1987

**APPEARANCES OF COUNSEL**

*Geri R. Klein* of counsel *(Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee for the First Department, seeks an order confirming the Hearing Panel's findings of fact and conclusions of law and disbarring respondent from the practice of law, pursuant to 22 NYCRR 603.4 (d).

Respondent was admitted to practice in the First Department on April 15, 1935 and, until his suspension, maintained an office for the practice of law within this Department. By order entered June 4, 1987, he was suspended from practice as an attorney and counselor-at-law, pending final disposition of the complaint and/or until further order of this court (Matter of Baltimore, 128 AD2d 323).

On February 6, 1987, respondent was served with a notice and a statement of charges, concerning complaints of professional misconduct, involving seven separate charges. These included conversion of clients' and third-party funds, neglect, failure to preserve funds in a special or escrow account, issuance of checks with insufficient funds and misrepresentations to the Committee during the investigation. He answered the complaint on March 2, 1987, admitting several of the allegations. Thereafter, a hearing was held, at which respondent offered no evidence, either in defense or in mitigation. While the matter was pending before the Hearing Panel, awaiting its decision and recommendations, the Committee moved to suspend respondent from practice pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), pending resolution of the charges against him, which motion was granted (Matter of Baltimore, 128 AD2d 323, supra).

Review of the record fully supports the decision and recommendations by the Hearing Panel with respect to each of the several charges of professional misconduct, much of which has been admitted.

Charge 1 alleges that, in September 1979, Doretha Jackson retained Baltimore to represent her in an action to be brought against the City of New York and the Transit Authority for personal injuries sustained when a subway door closed on Ms. Jackson's hand. Respondent filed a notice of claim and appeared with his client at a Transit Authority hearing but, thereafter, failed to institute suit. Between April 1980 and

January 1986, he neglected to respond to Ms. Jackson's calls or letters. Finally, he advised her that no action had been commenced and that the Statute of Limitations had expired. While he offered to compensate her for loss of earnings, he never did. This conduct, the Hearing Panel found, amounted to neglect of a legal matter (Code of Professional Responsibility DR 6-101 [A] [3]), failure to carry out a contract of employment (DR 7-101 [A] [2]) and failure to file a retainer statement with the Office of Court Administration (22 NYCRR 603.7 [a]).

The second charge relates to dishonesty and conversion of funds to be held by respondent as escrow agent. In August 1984, Ronald Zanders, who had entered into negotiations to purchase the stock and assets of a limousine rental business, delivered to Baltimore a handwritten letter agreement and a $5,000 check to be held in escrow as a deposit on the purchase price. The agreement, acknowledged and signed by respondent, stated that the $5,000 would be deposited in a trust account and refunded to Zanders if the deal was not completed. When this eventuality occurred, after the parties were unable to agree on terms, Zanders requested return of the deposit, which respondent refused or failed to make. Thereafter, in February 1985, Zanders instituted suit to recover the deposit and, at an examination before trial, respondent testified that he was holding the $5,000 in escrow when, at the time, his bank statement showed a balance of only $3,699.47. Subsequently, he misrepresented to the Committee that the $5,000 would be deposited with the Supreme Court pending resolution of the lawsuit, which was never done. The Hearing Panel found that respondent had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation (Code of Professional Responsibility DR 1-102 [A] [4]), prejudicial to the administration of justice (DR 1-102 [A] [5]) and which adversely reflected upon his fitness to practice law (DR 1-102 [A] [6]).

Charge 3 relates to respondent's failure to maintain and his conversion of a different escrow fund. In December 1984, Baltimore received $30,000, to be held in escrow in his trust account and returned if negotiations with respect to the underlying transaction collapsed. The agreement specifically provided that, if a letter of commitment was not obtained within 10 banking days, the agreement would be rendered invalid and respondent would return the $30,000 escrow. Respondent signed the agreement as trustee and escrow agent and, thereafter, deposited the fund in his trust account. How-

ever, when the negotiations collapsed, he failed to return the escrow and misrepresented that he would make repayment. The Hearing Panel found that this conduct adversely reflected on his fitness to practice law (Code of Professional Responsibility DR 1-102 [A] [6]), involved dishonesty, fraud, deceit or misrepresentation (DR 1-102 [A] [4]) and amounted to conduct prejudicial to the administration of justice (DR 1-102 [A] [5]).

Charge 4 alleges that respondent had improperly disbursed certain other funds also held in escrow. In January 1985, Baltimore was retained to represent Donald Ramsay, who had entered into a contract to sell a vacant lot at 4 West 104th Street, New York, New York, for the sum of $120,000. Pursuant to the contract, respondent received $12,000 as a down payment, to be held in escrow until the closing but, two weeks later, without the knowledge, consent or authorization of the buyer, he improperly disbursed to his client the sum of $1,000 of the contract deposit and, thereafter, converted $9,000 of the fund to his own use. On March 7, 1985, at the closing, he failed to remit the escrow to his client. Subsequently, on April 11, 1985, he delivered a check to Ramsay in the sum of $8,520, drawn on his "trustee" account (deducting from the $12,000 down payment, $1,680 for disbursements and $1,800 for legal fees), which check was twice returned for insufficient funds. Thereafter, in May 1985, he paid Ramsay $10,320. Respondent did not deny this charge and, following the hearing, the Panel found his conduct to evince dishonesty, fraud, deceit or misrepresentation which adversely reflected on his fitness to practice law (Code of Professional Responsibility DR 1-102 [A] [4], [6]).

Charge 5 pertains to respondent's representation of the seller of premises at 229 West 135th Street, New York, New York. Under the contract of sale, on May 16, 1985, Baltimore received $7,500 as a down payment on the purchase price, in escrow until the closing. Subsequently, without the knowledge or permission of either party, he withdrew the escrow, converting it to his own use. While he denied having converted the sum, his check to the seller, drawn on his trustee account, was returned for insufficient funds on two occasions, on September 23 and December 13, 1985, and was not paid in full until nine months later, in June 1986. Also, during the intervening period, he made several misrepresentations that he would pay his client $1,500 in lost interest and penalties because of the delay in repaying the fund and made similar misrepresentations to the Committee. The Hearing Panel

found his conduct to involve dishonesty, fraud, deceit or misrepresentation which adversely reflected on his fitness to practice law under Code of Professional Responsibility DR 1-102 (A) (4) and (6) and, as to the misrepresentations to his client and to the Committee, conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5).

Charge 6 concerns respondent's representation of Carsenia Ratcliffe, the seller of premises at 2625 Bedford Avenue, Brooklyn, New York. On July 24, 1985, he appeared at the closing with his client and received $5,000, in escrow, to ensure that the premises would be delivered in clean condition, with all debris removed, that the heating, plumbing and electrical systems would be in working order, and for a final water meter reading. This sum was deposited into respondent's trustee account but he thereafter converted it to his own use by various checks payable to himself and to third parties. On January 22, 1986, when Baltimore issued his check to Ms. Ratcliffe for the balance due, less certain adjustments, the check was returned for insufficient funds and, to date, his client has not been paid. In sworn testimony, he misrepresented to the Committee that he would repay Ms. Ratcliffe but has never done so. The Hearing Panel found him guilty of failing to preserve client funds in an attorney's special account in violation of Code of Professional Responsibility DR 9-102 (A) and 22 NYCRR 603.15; failing to promptly pay funds to which his client was entitled (DR 9-102 [B] [4]); engaging in conduct involving dishonesty, fraud, deceit or misrepresentation which adversely reflected on his fitness to practice law (DR 1-102 [A] [4], [6]); and conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5).

Charge 7 involves respondent's representation of Van De-Vore in an eviction proceeding. DeVore, the former owner of certain property, had obtained an order to show cause, returnable October 30, 1985, for a hearing on the issue of his eviction. He had retained respondent on October 25, 1985 to appear at the hearing and to appeal the adverse determination on the prior foreclosure action, paying him $2,500 as a retainer. Baltimore did not appear, resulting in DeVore's eviction and, thereafter, failed to perfect the appeal. In January 1986, respondent advised DeVore that there was no basis for an appeal. Between January and September 1986, he ignored demands to refund all or part of the legal fee and misrepresented to DeVore and the Committee that he would refund $2,150, which sum has never been returned. The

Hearing Panel found respondent to have failed to communicate with his client and neglected a legal matter entrusted to him (Code of Professional Responsibility DR 6-101 [A] [3]); engaged in conduct involving dishonesty, fraud or misrepresentation (DR 1-102 [A] [4]); and failed to return an unearned legal fee (DR 2-110 [A] [3]).

As noted, respondent offered no evidence at the hearing and no proof, either in defense or in mitigation. His attorney expressed his intention to "face up to the charges and the complaint with honesty and with candor * * * to make full restitution to each of those individuals to whom he has acknowledged financial responsibility." The Hearing Panel, noting that, in 1980 and 1982, respondent had been disciplined by letters of admonition in two cases where he had neglected to file an action within the statutory limitations period, recommended that he be disbarred from the practice of law.

We find the record overwhelming in establishing the several complaints of serious professional misconduct, evincing a pattern of neglect and impropriety over a period of time. The charges, which were not challenged, involved conversion of funds, neglect, failure to preserve funds in an escrow account, issuance of checks with insufficient funds and misrepresentations to clients and to the Committee during its investigation. It is clear, and not denied by respondent, that he repeatedly failed to maintain the integrity of escrow funds, in terms of the improper disbursement of those funds and the tender of checks on an overdrawn account, several of which were returned for insufficient funds. In our view, the record amply supports, without any significant contradiction, the findings of fact and conclusions of the Hearing Panel, demonstrating a pattern of professional misconduct and misuse of escrow funds which fully justifies the ultimate disciplinary sanction sought herein by the Committee.

Accordingly, the motion by the Departmental Disciplinary Committee is granted, the Hearing Panel's findings of fact and conclusions of law should be confirmed and respondent should be disbarred from the practice of law and his name stricken from the roll of attorneys and counselors-at-law.

MURPHY, P. J., SULLIVAN, MILONAS, KASSAL and SMITH, JJ., concur.

Petition granted and respondent disbarred forthwith.