In the Matter of STEVEN R. WECHSLER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 1, 1988

### APPEARANCES OF COUNSEL

*Donald T. Brudie* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Irving Anolik* for respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner Departmental Disciplinary Committee for the

First Judicial Department (DDC) seeks an order suspending respondent from practice pursuant to 22 NYCRR 603.4 (e) (1) (iii) pending resolution of the charges against him.

Respondent was admitted to practice in the Second Department on March 14, 1978 under the name Steven Richard Wechsler, and during the period pertinent to the charges maintained an office for the practice of law in the First Department. Respondent was served with a notice and statement of charges alleging specific acts of professional misconduct, including conversion of clients' escrow funds in the amounts of $70,000 and $41,750 in separate real estate transactions, and the issuance of worthless checks in those amounts to his clients. After the second witness had concluded his testimony on behalf of the DDC at a hearing held on July 26, 1988, respondent became ill and was unable to continue. Hearing Panel Chairman Charles J. Hynes granted respondent's application for an adjournment and directed staff counsel to bring the instant motion.

We conclude for purposes of this motion that the testimony of the DDC's first two witnesses with regard to charges one and two, not challenged by cross-examination in any material respect, establishes that in 1985 respondent converted $70,000 which he had been holding in escrow, that he issued a worthless check to his client in that amount, and that he had not thereafter turned the money over to his client. Respondent's answer to the complaint essentially admits the factual allegations constituting conversion and issuance of the bad check, but denies generally, without offering an alternative explanation, that he is guilty of conversion. Respondent opposes the instant motion on the ground that he "withheld" $70,000 of escrow money because he has been under extreme emotional distress for various reasons, including a serious illness in his family, and that he has now taken steps to make restitution by turning $70,000 over to his counsel for that purpose.

Based upon the uncontroverted evidence submitted in support of this motion, we find that respondent is guilty of professional misconduct immediately threatening the public interest. Accordingly, pursuant to 22 NYCRR 603.4 (e) (1) (iii), respondent should be suspended forthwith pending determination of the complaint against him. (*Matter of Padilla,* 67 NY2d 440; *Matter of Baltimore,* 128 AD2d 323.)

KUPFERMAN, J. P., CARRO, ASCH, KASSAL and WALLACH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith, pending determination of the complaint against him *(Matter of Padilla,* 67 NY2d 440; *Matter of Baltimore,* 128 AD2d 323).