In the Matter of DENNIS MCLAUGHLIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 13, 1989

**APPEARANCES OF COUNSEL**

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Dennis J. McLaughlin,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Petitioner Departmental Disciplinary Committee for the First Judicial Department moves for an order suspending respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) pending resolution of the charges against him.

Respondent was admitted to the practice of law in the Second Judicial Department on January 8, 1971 and maintains an office for the practice of law in the First Judicial Department. The instant motion is based upon respondent's sworn admissions and uncontroverted bank records establishing his commingling and conversion of client funds entrusted to him in two transactions involving that client's sale of a home and purchase of another. In the former transaction, a down payment by the purchaser in the amount of $26,000 was deposited by respondent not in an escrow account but a business account that had a negative balance within a matter of weeks of the deposit. In the latter transaction, a down payment by the client in the amount of $15,250 was deposited by respondent in an escrow account that did not have sufficient funds to cover a check in that amount shortly thereafter drawn by respondent to the order of the seller's attorneys. When asked what he did with the money, respondent stated that he used it to run a limousine business in which he was involved and was in the process of selling, and that he expected to use the proceeds of such sale to cover the check he had written on the escrow account but was unable to do so when the sale fell through at the last minute. In opposition to the motion, respondent states that he has made "total restitution" to the client, but offers no proof thereof and does not otherwise elaborate upon the circumstances surrounding his return of the converted funds.

These are substantial admissions that warrant a finding of professional misconduct immediately threatening the public interest (see, Matter of Wechsler, 141 AD2d 204; Matter of Baltimore, 128 AD2d 323). Accordingly, the motion is granted and respondent should be suspended from the practice of law pending consideration of this and the other complaints against him.

MURPHY, P. J., SULLIVAN, CARRO, WALLACH and RUBIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York forthwith, pending determination of complaints against him, and until the further order of this court.