In the Matter of ROBERT E. HALEY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 26, 1989

### APPEARANCES OF COUNSEL

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law in the First Judicial Department on December 3, 1984 and has maintained an office for the practice of law in the First Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) of the rules of this court suspending the respondent during the pendency of this disciplinary matter.

In 1985, the respondent was retained to form an organization to acquire real estate parcels and he prepared escrow agreements under which he was to receive and hold investors' funds to facilitate real estate purchases. Pursuant to the escrow, the respondent was not to release or pay over any funds except as specified by the investor. The organization obtained more than $270,000 from some 59 investors. The respondent issued checks to his principal for real estate activity in disregard of the limitation in the escrow arrangement.

All but some $50,000 has been lost by the investors. Further, there have been other complaints of negligence with respect to clients, and we are informed that there are additional complaints coming in.

Moreover, the respondent ignores requests for his appearance at the Departmental Disciplinary Committee and has failed to cooperate with the Committee's investigation in violation of the rules of this court.

Accordingly, pursuant to Judiciary Law § 90 (2), petitioner's motion is granted, and respondent is suspended from the practice of law forthwith and ordered to show cause within 30 days of entry of this court's order of suspension why a final order of suspension, censure or removal should not be entered against him.

MURPHY, P. J., KUPFERMAN, SULLIVAN, ROSS and CARRO, JJ., concur.

Respondent is directed to show cause why a final order of censure, suspension or disbarment should not be made and, pending final determination of the motion, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective September 26, 1989.