In the Matter of MANOJKUMAR D. PATEL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 16, 1990

### APPEARANCES OF COUNSEL

*Gregory J. Perrin* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Manojkumar D. Patel,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Manojkumar D. Patel was admitted to the practice of law in New York by the Second Judicial Department on October 13, 1976, and at all times relevant herein has maintained an office for the practice of law within the Appellate Division, First Department.

The Departmental Disciplinary Committee seeks an order pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.4 (e) of the rules of this court suspending respondent from the practice of law forthwith and until such time as the disciplinary matters before the Committee have been concluded.

Gregory J. Perrin, Esq., who was appointed by the court to act in regard to the complaints against the respondent, states that the Committee has received numerous complaints against respondent. Respondent was interviewed at the offices of the Committee on three separate occasions during which he made substantial admissions of professional misconduct while under oath and, as a result, respondent was served with a notice of statement of charges on or about May 10, 1990. According to Mr. Perrin, the overwhelming evidence the Committee presently possesses, consisting of documents, affidavits and the sworn testimony of respondent, clearly demonstrates that respondent has been guilty of gross professional misconduct and should be immediately suspended to protect the public and potential client population.

22 NYCRR 603.4 (e) (1) provides, in pertinent part, as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon * * *

"(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct, or

"(iii) other uncontroverted evidence of professional misconduct."

In the case at bar, respondent has admitted during the course of his sworn interviews at the Committee's offices that he received checks in the amounts of $500 and $690 which were clearly marked as escrow deposits, and that he deposited the funds into his personal business account. Although in each instance he denied converting the funds, respondent claimed that the clients authorized him to deduct his legal fees from the escrow funds. Respondent, however, could produce no documentation to support his claim, and his claim was refuted in each case by affidavits submitted to the Committee by the clients. Furthermore, there is the matter of the stopped check for $750 of one Ms. Patel which respondent ultimately cashed without authorization and for which no reasonable explanation has been offered by respondent.

In addition, the Committee has submitted evidence in the form of affidavits, attorney affirmations, court orders and bank records which indicate, *inter alia*, that respondent has engaged in conduct involving fraud, deceit and misrepresentation; conduct involving a conflict of interest; conduct which adversely reflects on his fitness to practice law; and conduct that is prejudicial to the administration of justice. Respondent has offered nothing but general denials and conflicting testimony in response to these charges.

As such, it can be concluded that respondent's admissions under oath of serious professional misconduct in combination with the uncontroverted evidence submitted by the Committee, including evidence indicating that respondent has made false statements to the Committee during the course of its investigation, are sufficient to warrant immediate suspension under the provisions of section 603.4 (e). *(See, Matter of Haley,* 150 AD2d 119; *Matter of Wechsler,* 141 AD2d 204.)*

Respondent's request for a further adjournment of this motion is denied. Respondent has not set forth any valid reason for granting a further adjournment. The Committee refutes respondent's claim that he has been denied access to his records and respondent has failed to set forth any valid defense which he would raise if he was given additional time. Moreover, this motion for an immediate suspension is independent from the underlying disciplinary proceeding since it could, in fact, have been made prior to the service of the notice of charges.

With respect to respondent's request that he be granted an extension of time to serve a written answer to the notice of charges, to avoid any misunderstanding on the part of respondent concerning the availability of his files, the Disciplinary Committee is directed to make the files available to respondent for the purpose of making copies of the documents he deems relevant, and respondent's time to serve a written answer to the notice of charges is extended until 30 days from the date of this order.

Meanwhile, the Disciplinary Committee's motion pursuant to 22 NYCRR 603.4 (e) should be granted and respondent should be suspended from the practice of law, effective immediately, and until such time as the disciplinary matters before the Committee have been concluded and until further order of this court.

SULLIVAN, J. P., CARRO, ROSENBERGER, ASCH and RUBIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until such time as the disciplinary matters before the Committee have been concluded and until the further order of this court.