In the Matter of GEORGE A. PINS (Admitted as GEORGE ARNOLD PINS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 2, 1991

### APPEARANCES OF COUNSEL

*Christoper D. Kerr* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Petitioner, Departmental Disciplinary Committee (DDC) for the First Judicial Department, moves for an order, pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), suspending respondent from the practice of law forthwith, and until such time as disciplinary matters pending before the DDC have been concluded.

Respondent, George A. Pins, was admitted to the practice of law by the Appellate Division, Second Judicial Department, on October 14, 1964. At all times relevant herein, respondent

has maintained an office for the practice of law in the First Department.

On April 12, 1991, respondent appeared before staff counsel of the DDC to answer questions under oath regarding a complaint filed against him which alleged that he converted the proceeds of a settlement he had negotiated on behalf of his client. In the course of his testimony, respondent admitted that he had received a check in the amount of $130,215.44; that he deposited it into his escrow account on December 6, 1988; and that he then converted the funds to his own personal use. Respondent further admitted that he failed to notify his client of receipt of the funds, until April 30, 1990, and then he misrepresented the amount collected. As of the date of the sworn interview respondent had repaid a portion of the funds taken but acknowledged an outstanding debt to his client of approximately $35,000.

On or about May 20, 1991, the DDC received a second complaint involving another client and two additional separate instances of conversion by respondent. Annexed to the complaint was a letter written by respondent to the client in which respondent admits that he converted over $500,000 in funds collected on behalf of the client, and that he misrepresented to the client the amount actually collected.

The DDC contends, and we agree, that respondent's substantial admissions under oath that he has committed serious acts of professional misconduct, along with the other uncontroverted evidence which has been presented, justify, and indeed require, immediate intervention by this court for the protection of the public and a finding that respondent should be prohibited from practicing law pending the outcome of the proceedings. (Matter of Markowitz, 160 AD2d 5, 6 [1st Dept 1990]; Matter of Haley, 150 AD2d 119, 120 [1st Dept 1989]; Matter of Wechsler, 141 AD2d 204, 205-206 [1st Dept].)

Accordingly, petitioner's motion should be granted, and respondent suspended from the practice of law forthwith, and until such time as the disciplinary matters before the committee have been concluded, and until further order of this court.

ROSENBERGER, J. P., KUPFERMAN, ROSS, KASSAL and RUBIN, JJ., concur.

Respondent is suspended from the practice of law forthwith, and until such time as the disciplinary matters before the Departmental Disciplinary Committee have been concluded, and until the further order of this court.