In the Matter of JARRETT F. GLANTZ (Admitted as JARRETT FRANKEL GLANTZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 15, 1993

### APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Jarrett F. Glantz was admitted to the practice

of law in New York by the First Judicial Department on December 12, 1966 under the name Jarrett Frankel Glantz. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee is seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) suspending respondent from the practice of law forthwith based upon the fact that he has made substantial admissions under oath of serious professional misconduct.

In response to four complaints involving estates and trusts which respondent had been retained to handle, respondent appeared and testified on October 14, 1992. He admitted that, with respect to the estate of Frieda Oppenheimer, he had withdrawn $15,000 from a trust which had been established for the benefit of the decedent's son and deposited it into his business account. With respect to the estate of Marie Singer, respondent testified that he had deposited estate assets in a checking account opened in decedent's name and had then written checks to his own account, signing decedent's name. With respect to the estate of Max Elb, respondent admitted that he had, without authorization, written checks totalling $530,000 payable to himself. He has since repaid part of this amount and has signed a confession of judgment in the amount of $239,000 representing the unpaid balance. With respect to the estate of Magda Ehrlich, respondent admitted that he had withdrawn over $100,000 from the estate account without authorization and used the money for personal expenses, investments or to repay money taken from other estates. In addition to his testimony relating to these four complaints, respondent also admitted that he had withdrawn at least $8 to $10 million from approximately 40 estates as to which he held a fiduciary appointment, and had used those monies for personal expenses, investments or to repay other depleted estate accounts.

22 NYCRR 603.4 (e) (1) provides in pertinent part:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section * * * may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty

of professional misconduct immediately threatening the public interest. Such a finding shall be based upon * * *

"(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct".

Respondent's admissions under oath of acts which constitute dishonest, fraudulent and deceitful misconduct in violation of Code of Professional Responsibility DR 1-102 (A) (4) are clearly sufficient to warrant immediate suspension under the provisions of 22 NYCRR 603.4 (e) (1) (ii) *(see, Matter of Pins,* 169 AD2d 166; *Matter of Markowitz,* 160 AD2d 5). Accordingly, the Committee's motion should be granted and respondent should be immediately suspended from the practice of law until such time as the disciplinary matters pending before the Committee have been concluded and until further order of this Court.

CARRO, J. P., ROSENBERGER, ELLERIN, KUPFERMAN and ROSS, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, until such time as the disciplinary matters pending before the Departmental Disciplinary Committee have been concluded and until the further order of this Court.