[608 NYS2d 419]

In the Matter of ROBERT E. HALEY, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 1, 1994

**APPEARANCES OF COUNSEL**

*Rosemary F. Palladino* and *Richard Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Noel W. Hauser* of counsel *(Stephen H. Penn & Associates,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Robert E. Haley was admitted to the practice of law in New York by the First Judicial Department on December 3, 1984. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

By order entered September 26, 1989, respondent was suspended from the practice of law by this Court pursuant to 22 NYCRR 603.4 (e) (1) (ii) pending the outcome of disciplinary proceedings against him. *(Matter of Haley,* 150 AD2d 119.)

On or about June 5, 1991, respondent was served with a notice and statement of charges. Specifically, respondent was charged with (1) failing to safeguard escrow funds (the Bragagnolo and Gill matters); (2) converting a $5,500 real estate down payment that had been entrusted to him by a client (the Moran matter); (3) neglecting an income tax matter for which he had been retained; (4) failing to return a client's property (the Goff matter); and (5) failing to cooperate with the Committee in its investigation.

On September 16, 1991, respondent submitted an answer in which he admitted many of the facts underlying the charges but denied that his conduct constituted professional misconduct.

A Hearing Panel convened on November 19, 1991, March 3, 1992 and September 22, 1992 to hear testimony and receive evidence relating to the charges.

The Hearing Panel sustained all the charges except with respect to the 4th item above; it was determined to be gross neglect rather than intentional misconduct. With respect to his failure to cooperate with the Committee, respondent contended that he had a breakdown, but that ultimately he did cooperate. The Hearing Panel determined that the respondent's mental and physical difficulties might be a mitigating factor in the case of neglect.

By petition dated July 26, 1993, the Departmental Disciplinary Committee is now seeking an order confirming the Hearing Panel's report and imposing the recommended sanction of disbarment.

By cross motion dated November 1, 1993, respondent seeks

an order disaffirming the Hearing Panel's report and conclusions to the extent they find respondent violated Code of Professional Responsibility DR 1-102 (A) (4) (engaged in conduct involving dishonesty, fraud, deceit and misrepresentation), DR 1-102 (A) (6) (engaged in conduct reflecting adversely on his fitness to practice law) and DR 1-102 (A) (5) (engaged in conduct prejudicial to the administration of justice). Respondent also seeks to disaffirm the Hearing Panel's recommendation of disbarment but moves to confirm the Hearing Panel's finding that he did not violate DR 7-101 (A) (3) (intentionally damaging his client in the Goff matter).

Absent extremely unusual mitigating circumstances this Court has consistently held that the intentional conversion of funds belonging to a client or a third party is grave misconduct warranting the sanction of disbarment. *(Matter of Schmidt,* 145 AD2d 103; *Matter of Malatesta,* 124 AD2d 62; *Matter of Walker,* 113 AD2d 254.)* An attorney who misappropriates funds is presumptively unfit to practice law. *(Matter of Pressment,* 118 AD2d 270, citing *Matter of Marks,* 72 AD2d 399, 401.)

Accordingly, the Disciplinary Committee's petition should be granted, the Hearing Panel's report should be confirmed and the recommended sanction of disbarment should be imposed and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York. Respondent's cross motion to disaffirm the Hearing Panel's report in part should be denied in its entirety.

MURPHY, P. J., SULLIVAN, CARRO, KUPFERMAN and ROSS, JJ., concur.

Application granted, respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective March 1, 1994, and respondent's cross motion for an order, *inter alia,* disaffirming the Hearing Panel's report in part, is denied in its entirety.