[613 NYS2d 364]

In the Matter of JARRETT F. GLANTZ (Admitted as JARRETT FRANKEL GLANTZ), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 14, 1994

### APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jarrett F. Glantz was admitted to the practice of law in New York by the First Judicial Department on December 12, 1966 under the name Jarrett Frankel Glantz. At all times relevant herein respondent maintained an office for the practice of law within the First Judicial Department. By order entered April 15, 1993 (189 AD2d 271), this Court suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) based upon the fact that he made substantial admissions under oath that he intentionally misappropriated client and estate funds.

Petitioner Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that he has been automatically disbarred, because of his conviction of a felony as defined by Judiciary Law § 90 (4) (e). In support of its application petitioner has presented proof that on or about January 22, 1993, respondent pleaded guilty in the Supreme Court of the State of New York, County of New York, to two counts of grand larceny in the second degree, in violation of Penal Law § 155.40 (1), and one count of filing a false tax return, in violation of Tax Law § 1804 (b). All of these offenses are felonies. Upon respondent's failure to make restitution, he was sentenced, on October 13, 1993, to terms of imprisonment of three to nine years on the grand larceny counts and one to three years on the tax count, all to run concurrently (Herbert Adlerberg, J.).

Under Judiciary Law § 90 (4) (a) and (b), upon conviction of a felony, an attorney ceases to be an attorney by operation of law. In light of this, respondent was automatically disbarred upon the entry of his plea of guilty to felony offenses on January 22, 1993. Accordingly, the petition to strike respondent from the roll of attorneys should be granted.

CARRO, J. P., ROSENBERGER, ELLERIN, KUPFERMAN and ROSS, JJ., concur.

Application granted and respondent's name directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective June 14, 1994.