[624 NYS2d 162]

In the Matter of MARK H. FOGEL (Admitted as MARK HOWARD FOGEL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 28, 1995

### APPEARANCES OF COUNSEL

*Richard Supple* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mark H. Fogel,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee, moves pursuant to 22 NYCRR 603.4 (e) (1) (iii) for an order

suspending respondent from the practice of law forthwith based upon uncontested evidence of serious professional misconduct. Respondent, Mark H. Fogel, was admitted to the practice of law in the State of New York by the Second Judicial Department on May 6, 1981 under the name Mark Howard Fogel. At all times pertinent to this proceeding respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent, and others, have been indicted by a New York County Grand Jury for the crimes of, *inter alia,* grand larceny in the first degree, criminal possession of stolen property in the first degree and perjury in the third degree. Pursuant to an order by the Supreme Court, County of New York, petitioner was granted access to documentary evidence which had been presented to the Grand Jury. Specifically, petitioner argues that this evidence, unchallenged on this motion, demonstrates that respondent, in his capacity as president of the general partner of JEM Parking Partners, Limited Partnership JEM V (JEM V), improperly removed funds held in escrow on behalf of JEM V investors, commingled these monies in another bank account he controlled, and subsequently converted and used them without permission for, *inter alia,* the payment of his, his wife Debra Fogel's and his business partners' personal expenses. Petitioner further argues that the evidence establishes that respondent lied to investors regarding the status of their investments. Thus, petitioner claims, respondent has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3).

A copy of petitioner's motion to suspend was served upon respondent's attorney, Sylvia Goldblatt, Esq., by mail on December 27, 1994. Thereafter, petitioner was notified that respondent had retained new counsel, Jonathan Marks, Esq., and the matter was adjourned at respondent's request until January 20, 1995. An untimely response to the motion was filed by respondent, *pro se,* on February 21, 1995.

Respondent's unsworn, untimely response to the motion to suspend his license to practice law is devoid of any evidence which rebuts the petitioner's substantive claims concerning his improper use of investors' funds. Furthermore, it should be noted that respondent's answer to the disciplinary charges directs this Court to the allegations made in the affirmation of his former counsel in the criminal proceedings. However,

these allegations directly contradict respondent's position in these disciplinary proceedings.

Regardless of whether these statements constitute further evidence of dishonest conduct by respondent, as urged by petitioner, the respondent's response to the motion to suspend is insufficient to overcome the substantial evidence presented by the petitioner of respondent's misconduct. 22 NYCRR 603.4 (e) (1) provides as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon * * *

"(iii) other uncontested evidence of professional misconduct".

In this matter, the documentary evidence and bank statements obtained by the Disciplinary Committee from the New York County Grand Jury which investigated respondent's investment schemes, indicate that respondent has improperly commingled monies and then used it to pay for unrelated personal expenses. The evidence therefore establishes that respondent has engaged in serious professional misconduct warranting his immediate suspension from the practice of law. *(See, Matter of Haley,* 150 AD2d 119.)

Accordingly, petitioner's motion pursuant to 22 NYCRR 603.4 (e) (1) (iii) is granted. Respondent is suspended from the practice of law, effective immediately, and until such time as the disciplinary matters before the Departmental Disciplinary Committee have been concluded and until further order of this Court.

WALLACH, J. P., RUBIN, ROSS, ASCH and MAZZARELLI, JJ., concur.

Motion granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately.