156

In the Matter of SIDNEY POLLER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, October 22, 1970.

*John G. Bonomi* of counsel (*Michael Franck* and *Ronald Eisenman* with him on the brief), for petitioner.

*Milton E. Grusmark* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in 1935. In 1950 he moved to Florida, where he was admitted to the Bar, and continued practice in both States, albeit not actively here. In 1959 he was suspended from practice in Florida for 30 days, it having been established that two years earlier he had converted $7,000 entrusted to him by a client for a certain investment, and that he had failed to make restitution until complaint was made to the local Grievance Committee. In 1968, he was ordered disbarred in Florida for having converted a $9,000 balance of a client's escrow fund, and not making restitution of $2,500 thereof until after a similar complaint.

Hearings on these charges were held, entirely documentary in nature and consisting of the Florida record, before our desig-

nated Referee; respondent appeared, but interposed neither defense nor memorandum, admitting the Florida suspension and disbarment, though denying the operative facts. The Referee has sustained the charges, and petitioner Association of the Bar moves to confirm the report and for discipline of respondent.

Respondent, in a memorandum now submitted, argues that use of the Florida record has deprived him of the rights of confrontation and cross-examination. He was afforded both at the Florida hearings and the full record thereof was considered by our Referee in its entirety at his specific request. Our Referee arrived at conclusions, not based on the Florida Referee's conclusions and report on some theory of comity, but resulting from independent study of the hearing record, which provides ample support for those conclusions. It was merely coincidental, though inevitable, that the conclusions arrived at by both Referees are identical. The motion is granted and the report confirmed.

Respondent's conduct reflects complete indifference to the responsibilities and obligations owed by a lawyer to clients, particularly in respect of trust funds. In mitigation, respondent pleaded at the Florida hearing the illness of his wife and his unrealized expectation of receipt of funds to make good his defalcations. Obviously neither plea will excuse his serious breaches of trust. He has demonstrated a lack of capacity to fulfill the duties of the office of attorney and counselor and merits the severest of discipline (*Matter of Whitaker*, 30 A D 2d 162). Respondent should be disbarred.

EAGER, J. P., CAPOZZOLI, MARKEWICH, STEUER and TILZER, JJ., concur.

Respondent disbarred, effective November 23, 1970.