In the Matter of JIMMIE L. ENGRAM, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 30, 1987

## APPEARANCES OF COUNSEL

*Jeanne C. O'Rourke* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Lennox S. Hinds* of counsel *(Stevens, Hinds & White, P. C.,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jimmie L. Engram was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court, First Judicial Department, on August 6, 1974. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.

In May of 1986, petitioner Departmental Disciplinary Committee served respondent with a notice of charges alleging that he had engaged in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility; failure to promptly deliver to his client funds in his possession in violation of DR 9-102 (B) (4); failure to carry out a contract of employment and neglecting a legal matter entrusted to his care in violation of DR 7-101 (A) (2) and DR 6-101 (A) (3); and engaging in conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6). Following a hearing conducted with respect to the instant matter, the Hearing Panel concluded that the evidence before it was sufficient to sustain the charges brought pursuant to DR 1-102 (A) (4), DR 1-102 (B) (4) and DR 1-102 (A) (6). Specifically, the Panel found that:

In December of 1981, respondent represented one Theodore Harris in connection with the proposed sale of property owned by Harris and located at 40 St. Felix Street in Brooklyn, New York. A contract of sale at the price of $12,000 was accordingly prepared by respondent's office in January of 1982. On or about March 23, 1982, respondent received a check in the amount of $1,200, representing a 10% down payment for the purchase of the property, made payable to the order of "Jimmie L. Engram, Esq.—as Attorney." Respondent thereafter endorsed this check and deposited it into a nonescrow Chemical Bank account notwithstanding the fact that the contract of sale, executed sometime between May and June of 1982, directed that the $1,200 in question be held in escrow until the closing of title. Although respondent opened an escrow account in May of 1982, which he had not previously maintained, he failed to deposit the $1,200 down payment in such account. Indeed, his nonescrow account never showed a balance of at least $1,200, indicating that respondent could not have transferred the money to the escrow account. The closing on the property took place in September of 1982, and respon-

dent forwarded a check to Harris drawn on the escrow account in the amount of $595. Respondent retained the remaining $605 as his legal fee. However, when Harris attempted to negotiate the check sent to him by respondent, it was returned for "insufficient funds". Respondent then advised Harris to redeposit the check, and the check cleared upon redeposit.

The Hearing Panel noted that at the time that respondent accepted the $1,200 "as attorney", he had no escrow or special account. He simply deposited the funds in his general account, and the entire amount of the check was thereby commingled and appropriated to his use. Yet, in the opinion of the Panel, respondent acted more out of negligence than malevolence, and, in fact, there is no evidence that respondent ever intended to convert the money. In that regard, it is clear that the amount of the down payment, minus respondent's legal fee, was promptly remitted to Harris following the closing. While it is true that the check "bounced" initially, it did clear shortly thereafter. Moreover, without minimizing the seriousness of respondent's misconduct, it is significant that he has no prior disciplinary record and that he has undertaken certain changes in his office procedure aimed at avoiding a repetition of such an occurrence. The Hearing Panel, in its report, also made reference to respondent's contrition, as well as to his active involvement in various civic, educational, social and religious community activities and representation of the poor.

Therefore, in view of the particular circumstances of this matter (that is, that the misconduct at issue arose primarily out of respondent's carelessness, the absence of any previous history of misconduct, and there was no motive to convert), we believe that the facts before us are distinguishable from the general situation involving the conversion of escrow funds, which mandates automatic disbarment (see, Matter of Malatesta, 124 AD2d 62, 64). Taking into consideration all of the factors herein, a suspension for a period of two years appears to be the appropriate sanction.

Consequently, the motion by petitioner Departmental Disciplinary Committee to confirm the findings of fact and conclusions of law of the Hearing Panel is granted, and respondent is hereby suspended from the practice of law for a period of two years and until further order of this court, effective 30 days from the date of this order.

KUPFERMAN, J. P., ROSS, ASCH, MILONAS and ELLERIN, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years, effective July 30, 1987, and until the further order of this court.