In the Matter of CHARLES E. MORRISON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 10, 1988

## APPEARANCES OF COUNSEL

*Susan Brotman* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Jonathan C. Scott* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Charles E. Morrison was admitted to the practice of law by the First Department on September 26, 1977. He is a sole practitioner, with an office in Manhattan, and specializes in civil rights litigation.

On October 27, 1987, petitioner Departmental Disciplinary Committee served respondent with a notice and statement of charges alleging the conversion of escrow funds and the failure to return same, in violation of Code of Professional Responsibility DR 1-102 (A) (4), DR 9-102 (B) (4) and DR 9-102 (B) (3); and further alleging the commingling of personal and escrow funds in violation of DR 9-102 (A) and 22 NYCRR 603.15.

The charges stemmed from respondent's representation of Billie Blair in negotiating an agreement for the sale of Miss Blair's insider right to purchase an apartment, with an interim sublease. The prospective buyer of the right was a personal friend of Miss Blair, Herbert Fox, who was represented by counsel. At the time that negotiations commenced, both Fox and his attorney were aware that Blair had previously backed out of a similar sublease/sale agreement and that she had several outstanding debts, including rent arrears on the subject apartment.

The necessary documents for the sublease/sale agreement were prepared by Fox's attorney, and on May 31, 1985, Fox delivered these documents to respondent, together with his personal check in the amount of $4,000, payable to "Charles Morrison, Escrow". That same date, respondent deposited the check into his escrow account and issued two checks therefrom, one in the amount of $99.86 and the other in the amount of $260, both payable to the New York Telephone Company in satisfaction of Blair's overdue bills.

On June 3, 1985, Blair and Fox executed, in the presence of respondent, the purchase agreement, which set a price of $20,000 for Blair's insider rights. Pursuant to the escrow provisions of the agreement, respondent was required to hold the $4,000 in his escrow account either until the landlord issued written consent to Fox's sublet of the apartment or, absent such consent, for a 45-day waiting period after which the funds were to be returned to Fox. Respondent signed his name on the agreement under the words "Escrow Received".

On June 3, 1985, respondent also drew two checks, one for

$100 and the other for $742.94, on his escrow account and made them payable to Blair, who needed money for food and other necessities. Respondent also gave Blair $200 at this time. The $100 check was cashed by Fox for Blair.

The following day, respondent forwarded a sublease application to Blair's landlord, together with a $2,597.80 check drawn on his escrow account in payment of Blair's rent. Payment on that check was subsequently stopped and on June 17, 1985, respondent hand delivered a certified check in the same amount drawn on his escrow account and payable to the landlord. This rent check, together with the previous disbursements by respondent to Blair, exhausted the entire $4,000 escrow.

Shortly thereafter, Blair repudiated the purchase agreement, and Fox's attorney requested the return of his client's $4,000. Respondent advised the attorney that he could not comply because he had paid the $4,000 to Blair and her creditors. In the next few months, respondent attempted, unsuccessfully, to have Blair either honor the purchase agreement or repay the $4,000.

Pursuant to 22 NYCRR 603.4 (b) and the Committee rules, a Hearing Panel convened on January 15, 28 and February 2, 1987 to hear and receive evidence relating to the charges. Respondent appeared *pro se* and testified that his disbursement to Blair had been authorized by Fox and his attorney, who were aware that the purchase could not be negotiated without the satisfaction of rent arrears. As proof of Fox's consent, Morrison noted that Fox had cashed the June 3, 1985 $100 check to Blair.

Although both Fox and his attorney admitted knowledge of Blair's financial problems, including the rent arrears, they denied that they had authorized invasion of the escrow funds and insisted that they had expected Blair to make other arrangements to meet her obligations.

The second allegation against respondent, which charged commingling of his personal funds with his escrow account funds, was based on respondent's having deposited personal funds into the escrow account, and then having drawn checks thereon to pay for various personal expenses. Respondent admitted the charge, explaining that his personal account had been levied on by a creditor, and that he was unaware that the commingling violated the court's rules. There was no evidence that any client moneys were used to pay respondent's personal obligations.

On October 23, 1987, the Hearing Panel issued its report, crediting the version of events testified to by Fox and his attorney, and sustaining the first, as well as the admitted second charge against respondent. The Panel recommended a sanction of suspension for a period of two years.

Petitioner Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (d) to confirm said Hearing Panel's report and impose such sanction upon respondent as the court deems appropriate.

After careful review of the record, the court adopts the findings of fact and conclusions of law reached by the Hearing Panel, and imposes the Panel's recommended sanction. In so doing, we acknowledge that our usual sanction for deliberate invasions of escrow accounts is disbarment, for we have long held that a lawyer who converts his client's funds is presumptively unfit to remain a member of the Bar. *(Matter of Marks,* 72 AD2d 399.) In the within matter, however, we find significant and persuasive the Panel's finding that "while respondent may have acted stupidly, or carelessly, we do not believe that he acted venally," and that, "not only did respondent not benefit directly from the conversion but he believed that his misconduct would benefit not only his client but also Fox, for, as all concede, if Blair's rent were not paid, Fox would in all likelihood lose the entire benefit of his bargain". The Panel also noted that respondent has had no prior disciplinary problems.

In light of the above, we conclude that the within matter is similar to several others in which this court has chosen to forego the penalty of disbarment after concluding that an attorney's improper handling of escrow funds was done through carelessness and without intent to personally gain thereby. *(See, e.g., Matter of Engram,* 129 AD2d 115; *Matter of Rogers,* 94 AD2d 121.)

Accordingly, the Hearing Panel's findings of fact and conclusions of law issued October 23, 1987, are hereby confirmed, the petition is granted, and respondent Charles E. Morrison is suspended for a period of two years.

SULLIVAN, J. P., ROSS, CARRO, KASSAL and SMITH, JJ., concur.

Respondent is suspended from the practice of law for a period of two years, effective June 10, 1988, and until the further order of this court.