In the Matter of RICHARD JON WEISMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 4, 1988

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee, moves for an order confirming the findings and conclusions of a Hearing Panel and suspending respondent from the practice of law for a period of one year.

Respondent Richard Jon Weisman was admitted to practice as an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court, Second Judicial Department, on February 25, 1976. At all times hereinafter relevant, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was served with a notice and statement of charges alleging that he violated DR 1-102 (A) (4), (5) and (6), DR 9-102 (A) and DR 9-102 (B) (4) of the Code of Professional Responsibility, and 22 NYCRR 603.2, in that he failed to deposit clients' funds in a segregated bank account in the State of New York, converted clients' funds and failed promptly to pay or deliver over funds that he had collected on behalf of a client.

At the conclusion of a hearing at which the respondent appeared *pro se,* the Hearing Panel found, with respect to charge one, that respondent was retained by King Koil Metro to collect a debt in the amount of $2,265; that on June 9, 1986, respondent obtained a default judgment on behalf of King Koil against the debtor, Brooklyn Beds and More, Ltd.; and that respondent thereafter received three checks from a City Marshal which had been collected from the judgment debtor, totaling $1,842.50. As each of the checks was received, respondent deposited it into an account No. 226-25482-8 at the United Jersey Bank (Fort Lee, N.J.), which was a business checking account primarily used to deposit fees as well as other business and personal funds. Throughout the period in which respondent held King Koil's money, he also maintained a "special account" for the deposit of clients' funds, account No. 06 49282-65 entitled "Richard Jon Weisman, Esq. Special Account", at the Manufacturers Hanover Bank in New York.

The Hearing Panel further found that on November 20, 1986, prior to remittance of the funds to King Koil, the balance in respondent's account No. 226-25482-8 at the United Jersey Bank was only $754.19. On or about January 2, 1987,

respondent forwarded a check to King Koil drawn on the said New Jersey account, in the amount of $1,228, which sum consistuted the net proceeds of collection of the King Koil debt after deducting legal fees in the amount of $614 (one-third contingent fee).

Respondent violated DR 9-102 (A) and 22 NYCRR 603.15 (a), in that he failed to deposit King Koil's funds in a segregated bank account in the State of New York. Further, respondent converted client funds, in violation of DR 1-102 (A) (4), (5) and (6) and DR 9-102 (A), by diverting the funds to an out-of-State commingled business account and thereafter allowing the balance in the New Jersey account to drop to $754.19, which was below the amount that respondent had collected on behalf of his client and was obligated to hold in escrow pending remittance to the client. *(See, Matter of Engram,* 129 AD2d 115, 117.)

The Hearing Panel further found, with respect to charges two and three, that on a number of occasions between December 9, 1986 and November 5, 1987, respondent received clients' funds and escrow funds which he failed to deposit in a segregated bank account in the State of New York. During this period, the funds were deposited either into a New Jersey "special escrow" account denoted "Richard Jon Weisman I", account No. 113-088628-4 at the Midlantic National Bank, Leonia, New Jersey (charge two), or into the commingled business account at United Jersey Bank, account No. 226-25482-8 (charge three).

As a consequence of these acts, respondent violated DR 9-102 (A) and 22 NYCRR 603.15 (a) by failing to deposit clients' funds in a segregated bank account in the State of New York.

We, as did the Hearing Panel, reject as without merit respondent's principal defense to the charges, i.e., that the diversion of clients' funds to his New Jersey bank accounts came about because of certain problems that he was experiencing with the Internal Revenue Service and his related concerns for the security of the said funds if deposited in his regular New York clients' account. Depositing clients' funds into a commingled business account places those funds at even greater risk. In addition, the placement of an IRS lien on a lawyer's personal bank accounts does not excuse or mitigate the lawyer's failure to deposit clients' funds in a separate trust account and refrain from withdrawing or using such funds unless due him beyond dispute. *(Matter of Walker,* 113 AD2d 254, 257, *mot to dismiss appeal granted* 67 NY2d 917.)

The Hearing Panel, noting that respondent has never previously been disciplined and had fully cooperated with the Committee in the course of its investigation, recommends that respondent be suspended from the practice of law for a term of one year. We disagree.

Accordingly, the motion for an order confirming the Hearing Panel's findings, conclusions and recommendation should be granted only insofar as to confirm the Hearing Panel's findings of fact and conclusions of law and respondent should be suspended from the practice of law for a term of two years from the date of this court's order and until the further order of this court.

MURPHY, P. J., CARRO, ASCH, MILONAS and ELLERIN, JJ., concur.

Motion granted only insofar as to confirm the Hearing Panel's findings of fact and conclusions of law; respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years from the date of this court's order, and until the further order of this court.