In the Matter of ALBERT D. GREENFIELD (Admitted as ALBERT DONALD GREENFIELD), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 21, 1989

**APPEARANCES OF COUNSEL**

*Hal R. Lieberman* for petitioner.

No appearances on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York by the Appellate Division, First Department, on June 29, 1954. Respondent was also a member of the Bar of the State of Florida and subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.

The instant disciplinary proceedings arise from respondent's handling of the Florida estate of Max Grossman, both as personal representative and attorney. During the administration of the estate, respondent removed from the estate for personal use moneys totaling $20,635.70 in several installments, and he also at one point charged the estate $7,500 for legal fees and removed this amount from the estate prior to the submission of a final accounting with the probate court and without approval of either the sole heir or the probate court.

Respondent was charged in a Florida disciplinary complaint as a result of these activities. At a hearing before a Florida Referee, it was shown that respondent had been a close personal friend of the deceased, Max Grossman, for a period of 20 years, and that there was no written fee agreement as between respondent and Agnes Grossman, the sole beneficiary, nor was there a fee agreement filed with and ratified by the probate court.

Respondent explained that he viewed the money he took from the estate as a loan, and that even though there was no promissory note or the like executed as evidence of the debt, he claimed that Agnes Grossman orally consented to the borrowing of the funds. However, Agnes Grossman testified that she never gave any consent to the loan and that she first learned of the withdrawal of the funds from the Florida Bar. In any event, as of the time of the hearing, respondent had repaid all sums in question to the estate.

In mitigation, respondent explained that he needed the money because of an IRS assessment and lien upon his residence which required a $130,000 payment to the IRS. It should be noted that respondent ultimately received a substantial refund of $90,000 from the IRS, indicating that much of the money he was forced to pay was not in fact owed and that he had not generated the income for which he was being taxed.

Based on these facts, the Florida Referee found responder ;

guilty of violating Code of Professional Responsibility DR 9-102 (B) and then-existing local Florida Bar Rules § 11.02 (3) (a lawyer shall not commit an act contrary to honesty, justice or good morals) and § 11.02 (4) (money entrusted to a lawyer must be held in trust and applied only to the purpose for which held). The Referee found respondent not guilty of the other charges, violations of DR 1-102 (A) (4), (5), and (6) and 9-102 (A).

The Supreme Court of Florida confirmed the Referee's report and in an order dated December 17, 1987 suspended respondent from the practice of law for a period of one year (with one Justice dissenting and suggesting that a two-year suspension would be more appropriate). The court recognized that respondent's actions constituted serious misconduct in the nature of misappropriation. The court ordered only a one-year suspension in light of the mitigating circumstances such as respondent's intent to repay the money and not permanently convert the funds, the duress experienced in his problems with IRS, his cooperation with the disciplinary inquiry, his long history of involvement in community affairs, and his previously good disciplinary record.

The Departmental Disciplinary Committee for the First Judicial Department (DDC) now moves before this court for an order suspending respondent from the practice of law in New York pursuant to 22 NYCRR 603.3, predicated upon the discipline issued by the Florida Supreme Court. In addition to the misconduct found by the Florida Supreme Court, the DDC also cites in the petition the failure of the respondent to notify either the DDC or this court of the suspension ordered by the Florida Supreme Court, as required by 22 NYCRR 603.3 (d).

Despite the punishment of a one-year suspension meted by the Florida Supreme Court, the DDC requests that we suspend respondent from the practice of law for a period of two years.

Respondent has defaulted in answering this petition.

This court has consistently treated the misappropriation of funds by an attorney as a serious matter, even where there has been no venal intent. In recent cases involving misappropriation of funds this court has imposed a penalty of a two-year suspension, even where, such as here, mitigating factors existed and there was no intent of personal gain. (*E.g., Matter of Morrison,* 137 AD2d 70; *Matter of Engram,* 129 AD2d 115.)

Accordingly, in line with the established precedent, the petition of the DDC is granted and respondent Albert D.

Greenfield is suspended from the practice of law for a period of two years from the date of this order.

Ross, J. P., MILONAS, ROSENBERGER, ELLERIN and SMITH, JJ., concur.

Respondent is suspended from the practice of law for a period of two years from the date of this court's order and until the further order of this court.