In the Matter of ISRAEL I. SYLVAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 17, 1990

## APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the First Judicial Department on November 30, 1949, and has maintained an office for the practice of law within the First Department at all times relevant herein.

The Departmental Disciplinary Committee (DDC) seeks an

order pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.4 (e) (1) (ii) and (iii) of the rules of this court suspending respondent from the practice of law pending the disposition of formal charges of professional misconduct by the DDC Hearing Panel hearing this matter.

On November 22, 1989, respondent was served with a notice and statement of charges in which the DDC alleged that respondent was guilty of serious professional misconduct in connection with his alleged conversion and misappropriation of funds belonging to the estate of Magalene Lindsay.

Prior to the service of the charges, respondent was, on October 26, 1989, interviewed under oath by the DDC, in the course of its investigation of the complaint filed by the beneficiaries of the Lindsay estate, Teresa and Jessie Price, who are, respectively, the sister and niece of the decedent. Respondent testified that he received powers of attorney from the Prices, and subsequently closed the decedent's bank account at the American Savings Bank, receiving in turn teller's checks totaling $22,962.95. With these moneys he opened a "Special Account" at Citibank, titled "Jessie I. Price, Teresa Price, Israel I. Sylvan, Power of Attorney." Respondent testified that he likewise received teller's checks totaling $13,686.20 from Manufacturers Hanover Trust Company on behalf of the decedent's estate, but could not account for what he had done with those moneys.

In the course of his testimony, respondent conceded that while he paid $7,000 to the Prices, he used the money in the Citibank account for his own personal expenses; he admitted, among other things, that he used the funds to pay his personal rent and for a $5,000 automobile repair bill.

Respondent acknowledged that he failed to inform his clients of his use of the funds, and, in fact, procrastinated with regard to performing his duties regarding the estate because he "had taken all the money out", i.e., nearly $30,000. While respondent admitted that he owes the estate this amount, plus interest, he unequivocally stated that he intended, and still intends, to repay these moneys.

The DDC contends, and we agree, that respondent's substantial admissions under oath that he committed these serious acts of professional misconduct (see, 22 NYCRR 603.4 [e] [1] [ii]) justify, and indeed require, immediate intervention by this court for the protection of the public and a finding that respondent should be prohibited from practicing law pending

the outcome of the proceedings. *(See, e.g., Matter of Haley,* 150 AD2d 119, 120 [1st Dept 1989].)

Accordingly, pursuant to Judiciary Law § 90 (2), petitioner's motion should be granted, and respondent suspended from the practice of law forthwith and ordered to show cause within 30 days of entry of this court's order of suspension why a final order of suspension, censure or removal should not be entered against him.

MURPHY, P. J., SULLIVAN, ROSS, CARRO and MILONAS, JJ., concur.

Respondent suspended, as indicated.