In the Matter of DENNIS J. McLAUGHLIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 19, 1990

#### APPEARANCES OF COUNSEL

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Joseph A. Byrne, Jr.,* for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent, Dennis J. McLaughlin, was admitted to the

practice of law in New York by the Second Judicial Department on February 24, 1971. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

Respondent was charged with two separate counts of conversion of client funds in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (6); failing to preserve the identity of funds and property of his client by keeping them in a separate escrow account in violation of DR 9-102 (A); misrepresentation and dishonesty in violation of DR 1-102 (A) (4) and (6); and making fraudulent representations which damaged his client during the course of the professional relationship in violation of DR 7-101 (A) (3).

Respondent was suspended on an interim basis in July 1989. (148 AD2d 124.)

Respondent was retained to handle the sale of a client's home and received a check representing the buyer's down payment, which he deposited in his business account. That account shortly thereafter showed an insufficient balance. Respondent did not tell his client that he used these funds for his own business purposes.

Respondent also received from the client funds to be used as a down payment toward the purchase of a house by that client and did not forward the funds to the seller's attorney. When he did attempt to remit that down payment, the check was dishonored due to insufficient funds. As a result, the prospective seller canceled the contract for the sale of the property, and the client had to renegotiate a new contract with an increase in the purchase price of $2,500. Respondent later made restitution of the amounts due the client. However, the $2,500 was not repaid until the day of the hearing in this matter before the Departmental Disciplinary Committee (DDC).

Respondent admitted the transactions and that he had misappropriated his client's funds, but denied the violation. The Hearing Panel stated as follows: "After a review of the documentary evidence, the admissions of respondent that he used his client's funds to pay debts to his limousine company, and his testimony in explanation of how and why he so grossly and willfully abused his client and violated his professional obligation as charged in each count before us, the Panel unanimously recommends that this matter be referred to the Appellate Division with a recommendation that respondent be

disbarred. Nothing respondent has said in explanation could reasonably mitigate the gross violations admitted."

Respondent contends that the sanction of disbarment is too severe in view of his cooperation with the DDC and the restitution and the interim suspension.

This court, absent unusual mitigating circumstances, has viewed conversion of funds belonging to a client as grave misconduct warranting disbarment. *(See, Matter of Schmidt,* 145 AD2d 103.) Further, we have determined that the unrealized expectation of receipt of funds to cover a defalcation will not excuse such a serous breach of trust. *(See, Matter of Poller,* 35 AD2d 156.) The fact of restitution may be of some significance in the event that the respondent some day applies for readmission. *(See,* Judiciary Law § 90 [6-a].)

Accordingly, the DDC's motion for an order disbarring respondent should be granted, and respondent should be disbarred and his name stricken from the roll of attorneys and counselors-at-law forthwith.

KUPFERMAN, J. P., ROSS, ASCH, KASSAL and WALLACH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective forthwith.