In the Matter of ISRAEL I. SYLVAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 30, 1991

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the First Judicial Department on November 30, 1949, and has main-

tained an office for the practice of law within the First Department at all relevant times herein. Petitioner Departmental Disciplinary Committee (DDC) seeks an order pursuant to 22 NYCRR 603.4 (d) confirming the findings of the Hearing Panel recommending that respondent be disbarred. Respondent has been suspended from the practice of law pending the disposition of this matter by order of this court entered April 17 1990. *(Matter of Sylvan,* 156 AD2d 56 [1st Dept 1990].) The facts giving rise to the underlying charges are enumerated in that writing.

At a hearing duly convened before the Hearing Panel, respondent stipulated that statements under oath, made at an interview by the DDC prior to the suspension, were true. These statements constituted substantial admissions that he had, in fact, committed the serious professional misconduct alleged, i.e., converting funds from an estate during his representation, failing to account for the assets, and failing to deposit assets received into an escrow account; these acts are in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (6); DR 9-102 (B) (3); and DR 9-102 (A) and 22 NYCRR 603.15, respectively.

Respondent was afforded the chance to present evidence in mitigation, an opportunity of which he availed himself. His testimony is, in this regard, worthy of our compassion. It is clear that he worked hard both as a solo practitioner and in the community. However, in 1986 and 1987, he was seriously ill and in fact required surgery. As a result, he was unable to work for some two months; as a solo practitioner, this meant that he had no income. Respondent further acknowledged that as a direct result of this circumstance, he converted and used funds from the account of the subject estate.

In addition to his other problems, respondent's private personal business account has been sequestered by the Internal Revenue Service. However, he maintains that as soon as his problems with that agency are resolved, he hopes and expects to be able to make restitution.

The Hearing Panel recommended disbarment, notwithstanding its statement, on the record, that "this is an unfortunate conclusion to an otherwise bright or possibly bright story, and regret the need to make that recommendation." In making this recommendation, the Hearing Panel observed that while "we are not unmindful of the difficulties faced by solo practitioners, we do not believe however great the circumstances, on

the personal basis, *[sic]* that an attorney confronts, that they can justify a deliberate incursion into funds that a lawyer's client places in his hands, based upon the trust in the members of the bar." By notice of petition dated April 30, 1990, the DDC seeks an order confirming the findings of the Hearing Panel and imposing the sanction recommended.

This court has consistently held that in the absence of extremely unusual mitigating circumstances, the intentional conversion of funds belonging to a client or a third party is misconduct so egregious in nature as to warrant disbarment. *(Matter of McLaughlin,* 158 AD2d 12, 14 [1st Dept 1990]; *Matter of Schmidt,* 145 AD2d 103, 108 [1st Dept 1989].) Although respondent's life circumstances are unfortunate and certainly worthy of our sympathy, we cannot allow him to continue practicing. The intentional aspect of the conduct herein at issue is to be distinguished from cases wherein the conduct arises from an attorney's carelessness. *(See, e.g., Matter of Altschuler,* 139 AD2d 311, 314 [1st Dept 1988]; *Matter of Engram,* 129 AD2d 115, 116-117 [1st Dept 1987].) Moreover, the fact that respondent was previously publicly censured as a result of having commingled a real estate deposit with personal funds *(Matter of Sylvan,* 104 AD2d 24 [1st Dept 1984]) undermines the argument that mitigating circumstances exist which should prevent his disbarment. Finally, the unrealized expectation of restitution does not excuse respondent's breach of trust. *(Matter of McLaughlin, supra,* 158 AD2d, at 14.)

Accordingly, the DDC's petition should be granted, and respondent should be disbarred and his name stricken from the role of attorneys and counselors-at-law forthwith.

MURPHY, P. J., SULLIVAN, ROSS, CARRO and MILONAS, JJ., concur.

Petition granted, the Hearing Panel findings of fact and conclusions of law confirmed, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York and his name struck from the roll of attorneys and counselors-at-law in the State of New York, effective April 30, 1991.