In the Matter of LEONARD HOWARD RUBIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 31, 1991

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Jeremiah S. Gutman* of counsel *(Levy, Gutman, Goldberg & Kaplan,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law in New York by the Second Judicial Department on April 4, 1962. At

all times relevant herein, the respondent maintained an office for the practice of law within the First Judicial Department.

By notice of motion dated September 11, 1991, the Departmental Disciplinary Committee (DDC) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) suspending the respondent from the practice of law forthwith based upon uncontroverted evidence of professional misconduct. The allegations of misconduct came to the attention of the DDC after Karyn N. Silverman notified this court that she and her younger brother, Jeffrey, were beneficiaries of a trust fund established by their late father, of which the respondent is the sole trustee. In her letter, Ms. Silverman expressed concern with the respondent's safekeeping of the trust and attached copies of her recent correspondence with him indicating his delinquency in disbursing moneys from the trust for her private school tuition.

The DDC sent the respondent a copy of Ms. Silverman's complaint on or about March 18, 1991 and requested a response within 20 days. After the respondent failed to respond, a second letter was sent to him on or about May 21, 1991. The respondent again failed to answer the complaint. Instead, he sent a brief handwritten note promising a response by July 1, 1991. The DDC also received a letter from the children's mother alleging that the respondent was mishandling the trust fund. The respondent failed to respond to this complaint as well but after being notified a second time, indicated that he would also respond to this complaint by July 1, 1991.

The respondent never answered the complaints. The DDC then issued a subpoena on July 18, 1991 commanding the respondent to personally appear at its office on August 2, 1991 with files, bank records and accounting records of the trust fund established for the Silverman children. An adjournment was granted, at the respondent's request, to August 8, 1991. The respondent appeared at the Committee's office on that date and was deposed on the record although he declined to testify under oath.

During the course of the interview, the respondent admitted appropriating approximately $80,000 of the $200,000 in the trust fund for his own use. Canceled checks and bank statements confirmed the respondent's misconduct. The respondent further acknowledged that he never set up files, filed tax returns or attended to the bookkeeping of the trust, nor did he respond to Mrs. Silverman's letters requesting funds for her

children. In an answering affirmation dated October 10, 1991, the respondent informed the DDC that he had also misappropriated $13,500 from a trust fund established for the benefit of the deceased's children from a former marriage. He claimed to have repaid more than $14,000 into that account.

The respondent claims that his acts of misconduct resulted from financial difficulties, a failed marriage and health problems and that he is dealing with his depression through therapy. He also maintains that he only borrowed the money from the trust funds and fully intended to repay it.

The Committee's investigation into the respondent's activities as a trustee of other trusts and of his business accounts is continuing. The DDC seeks his immediate suspension, however, to insure that his clients will be protected. The respondent requests permission to continue practicing for a few more months to wind up his clients' affairs and to enable them to find other counsel. He has indicated that he intends to resign from the Bar before charges are filed against him.

22 NYCRR 603.4 (e) (1) (iii) provides in pertinent part:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct * * * may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon * * *

"(iii) other uncontroverted evidence of professional misconduct."

The uncontroverted evidence of serious professional misconduct, together with the respondent's admissions of conversion, clearly warrant immediate intervention by the court to protect the public interest. (See, Matter of Pins, 169 AD2d 166; Matter of Sylvan, 156 AD2d 56; Matter of Grubart, 152 AD2d 185.)

Accordingly, the DDC's motion is granted and the respondent is suspended from the practice of law forthwith pursuant to 22 NYCRR 603.4 (e) (1) (iii) and until such time as the disciplinary investigation pending before the DDC has been concluded and until further order of this court.

SULLIVAN, J. P., CARRO, ROSENBERGER, KASSAL and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective forthwith, until such time as the disciplinary investigation pending before the Departmental Disciplinary Committee has been concluded, and until the further order of this court.