(June 15, 1993)

■ In the Matter of JOHN M. CHOLAKIS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [599 NYS2d 164] —Per Curiam. Respondent was admitted to practice by this Court in 1971. He was suspended from practice for a period of one year, effective February 10, 1992 (Matter of Cholakis, 179 AD2d 862). By petition dated March 18, 1993, the Committee on Professional Standards charges respondent with neglect of estates, conversion of estate funds, other professional misconduct with respect to estates, conversion of funds belonging to Graceland Cemetery, and failure to cooperate with petitioner.

Respondent has made no reply to the petition of charges and petitioner now moves for a default judgment. We grant this motion. Petitioner has filed proof of service of the notice of petition and proof by affidavit of the facts constituting the alleged misconduct. Respondent's failure to answer or appear is tantamount to an admission of the charges against him. (See, Matter of Larson, 177 AD2d 852).

Respondent is guilty of very serious misconduct. According to the petition and the default judgment motion he has converted a total of $106,000 of funds of the Andrew J. Cholakis estate; $44,069.81 of funds belonging to the Nia Matthews estate; and $38,257.02 of funds belonging to Graceland Cemetery. Andrew J. Cholakis was respondent's uncle; respondent was a named coexecutor of the estate. Respondent was attorney for the Matthews estate and he was president of Graceland Cemetery with check signing authority. It appears he used some of the converted Cholakis estate moneys to cover his conversions of funds from the Matthews estate and Graceland Cemetery (payments of $30,000 and $40,000, respectively). Respondent forged the signature of his coexecutor on checks used to effectuate five of the Cholakis estate conversions. Respondent neglected his duties as coexecutor, ultimately resulting in revocation of his letters testamentary and his being held in contempt and fined $250 by the Surrogate. With respect to the Matthews estate, respondent misled the guardian ad litem of the sole distributee of the estate by advising him falsely that a guardianship account would be set up at a bank for the infant distributee. He has also failed to respond to petitioner's inquiry letters.

Respondent has a poor disciplinary record exemplified by his current one-year suspension and several prior admonitions

for neglect of client matters and failure to cooperate with petitioner. It is noted that the suspension was imposed, in part, for respondent's conversion of $7,500 in settlement moneys due an infant client, although respondent may not have venally intended a permanent conversion *(Matter of Cholakis, supra)*.

In view of the above circumstances and in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we conclude that respondent should be disbarred *(see, e.g., Matter of Sylvan,* 166 AD2d 20, 22; *Matter of Lewis,* 159 AD2d 854, *appeal dismissed, lv denied* 76 NY2d 783; *Matter of Oliver,* 157 AD2d 904).

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the petitioner's motion for a default judgment be and the same hereby is granted; and it is further ordered that respondent, John M. Cholakis, who was admitted as an attorney and counselor-at-law by this Court on July 12, 1971, be and hereby is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court [22 NYCRR 806.9] regulating the conduct of disbarred, suspended or resigned attorneys.