[613 NYS2d 387]

In the Matter of RAFAEL M. PANTOJA, JR. (Admitted as RAFAEL MANUEL PANTOJA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 16, 1994

**APPEARANCES OF COUNSEL**

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Rafael M. Pantoja, Jr.,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law in the First Judicial Department on January 14, 1985 and, at all times relevant to the matters herein, maintained an office for the practice of law within this Department. By motion dated February 14, 1994, the Departmental Disciplinary Committee seeks an order suspending the respondent from the practice of law pending the conclusion of all disciplinary proceedings and until further order of this Court.

In 1991 the Committee began an investigation of the respondent based upon several complaints, which alleged, *inter alia,* conversion of clients' funds, failure to pay funds clients were entitled to receive, forging a client's signature on corporate documents, willfully failing to honor judgments against him in favor of clients, and repeatedly overdrawing his escrow account. After further investigation, the Hearing Panel granted the Committee's motion to supplement the charges already filed against the respondent with a 47-count "Statement of Supplemental Charges".

The record before us on this motion by the Committee reflects that during the course of the investigation to date, the respondent has refused to comply with the Committee's demands for files. Further, he has made admissions under oath that he depleted $6,000 in funds he was holding in his escrow account on behalf of a client by writing checks to cash, and by disbursing funds for matters totally unrelated to the client's affairs. Bank records and other documentary evidence have been submitted which show that the respondent's escrow account has been repeatedly overdrawn, that he has obtained money from clients by fraud, and that he has willfully failed to pay judgments entered against him, in favor of clients.

The respondent's answers to the charges against him, which consist of general denials and largely incredible explanations, are insufficient to defeat the Committee's motion for suspension. We find that there is overwhelming proof that the respondent is guilty of professional misconduct and a threat to the public interest and therefore grant the Committee's motion in its entirety *(see, Matter of Kurtz,* 170 AD2d 1; *Matter of Petty,* 156 AD2d 56).

Accordingly, the Committee's motion is granted and the respondent is hereby suspended from the practice of law, effective immediately, until the disciplinary proceeding pend-

ing before the Committee has been concluded, and until further order of this Court.

ELLERIN, J. P., KUPFERMAN, ROSS, NARDELLI and WILLIAMS, JJ., concur.

Motion granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, until such time as the disciplinary proceeding pending before the Departmental Disciplinary Committee has been concluded, and until the further order of this Court.