■ In the Matter of JOHN J. FILIPPONE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [623 NYS2d 933] —Per Curiam. Respondent was admitted to practice by this Court in 1976 and has practiced law in Albany County.

Petitioner, the Committee on Professional Standards, commenced the instant disciplinary proceeding against respondent in November 1994. Respondent has not answered or otherwise replied to the petition and petitioner now moves for a default judgment. The motion is accompanied by proof of personal service and proof by affidavit of the facts constituting the

alleged misconduct. Respondent has not replied to the motion. Under such circumstances, we grant the motion, respondent is deemed to have admitted the charges, and we find him guilty of the professional misconduct charged and specified *(see, Matter of Cholakis,* 194 AD2d 920; *Matter of Larson,* 177 AD2d 852).

Respondent's record of professional misconduct began in 1986 when petitioner admonished him for neglect of client matters, failure to timely register as an attorney and pay due registration fees, and failure to cooperate with petitioner's investigation. In or about 1988, petitioner advised respondent of additional client complaints. Based on respondent's letter responses to the complaints, petitioner moved in March 1989 for an order directing respondent's medical evaluation for the purpose of determining whether he was incapacitated from continuing to practice law *(see,* 22 NYCRR 806.10 [a]) and, if so, suspending him from practice indefinitely. In December 1989, petitioner withdrew its motion based upon respondent's expressed agreement not to practice law in any fashion until he received a favorable report from a psychiatrist that had been reviewed by petitioner. In June and October 1991, respondent submitted favorable psychiatric reports. In November 1991, respondent was advised that this Court would approve his resumption of practice upon receipt of proof that he was currently registered as an attorney and had paid all attorney registration fees due and owing. Respondent has never submitted the required proof of registration and it appears that his current registration fee arrearages date to 1986. Nevertheless, after November 1991, respondent became employed as an attorney for a State agency and has engaged in the private practice of law. In April 1994, petitioner made inquiry of respondent regarding his apparent unauthorized resumption of the practice of law and his continued failure to comply with the attorney registration requirements. The inquiry went unanswered and petitioner subpoenaed respondent's appearance at a hearing in July 1994.

The instant petition charges respondent with failure to file an attorney registration statement and failure to pay the attorney registration fees due and owing; failure to comply with a November 1991 letter advising respondent that he must comply with the registration statute before resuming the practice of law; and with failure to cooperate with petitioner, all in violation of the Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]). The last charge specifies respondent's failure to timely answer petition-

er's April 1994 inquiry letter, his failure to contact the attorney registration unit concerning his arrearages or concerning his reinstatement status after the July 1994 hearing although he agreed to do so, his failure to reply to correspondence from petitioner after the hearing, and his failure to pay a hearing stenographer's bill although obligated to do so by the rules of this Court.

It is apparent that respondent has, since 1986, evinced an unacceptable disrespect for the authority and process of this Court and of petitioner and for the attorney registration requirements. His current lack of response to the petition and the default judgment motion also evinces an apparent disinterest in his fate as an attorney.

We conclude that, to protect the public, deter similar misconduct, and preserve the reputation of the Bar, respondent should be suspended from the practice of law for a period of two years, effective immediately.

Mercure, J. P., Crew III, White, Peters, and Spain, JJ., concur. Ordered that petitioner's motion be and hereby is granted; and it is further ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent be and hereby is suspended from the practice of law for a period of two years, effective immediately; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.