[638 NYS2d 948]

In the Matter of MICHAEL T. SPALLINO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 12, 1996

## APPEARANCES OF COUNSEL

*Judith N. Stein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Michael T. Spallino, was admitted to the practice of law in the State of New York by the First Judicial Department on February 6, 1984. He was also admitted to practice as an attorney and counselor-at-law in the State of New Jersey in 1985.

Petitioner Departmental Disciplinary Committee is seeking an order, pursuant to 22 NYCRR 603.3, disbarring respondent predicated upon the fact that he was similarly disciplined by the New Jersey Supreme Court, or in the alternative, sanctioning respondent as this Court deems appropriate.

Petitioner has presented evidence showing that respondent's former employer, a New Jersey law firm, reported to the New Jersey Office of Attorney Ethics that on two instances respondent had misappropriated checks from clients by forging endorsements on the checks, cashing them and depositing the money acquired into his own trust account. On February 1, 1995, a consent order was filed in the Supreme Court of New Jersey temporarily suspending respondent from the practice of law pending final determination of all grievances and until further order of the court.

On March 27, 1995, respondent submitted to the Supreme Court of New Jersey his consent to disbarment, which consent acknowledged that he knew that a complaint charging him with knowing misuse of funds was pending against him and acknowledged that if he went to a hearing on the matter he could not successfully defend himself against the charges. By decision and order dated April 11, 1995, the Supreme Court of New Jersey disbarred respondent by consent from the practice of law.

Under 22 NYCRR 603.3 (c), the only defenses that may be raised in a reciprocal disciplinary proceeding are:

"(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney's misconduct; or

"(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction."

First, the record reveals that respondent has no defense under 22 NYCRR 603.3 (c) (1) because he was provided with sufficient notice and an opportunity to be heard. In his consent to disbarment, respondent admitted that he knew that a complaint charging him with knowing misuse of funds was pending and he admitted that he could not defend himself against

the charges. He had an opportunity to request a hearing and offer evidence to refute the charges and he chose not to do so.

Moreover, respondent has no defense under 22 NYCRR 603.3 (c) (2) because the New Jersey's Supreme Court's findings of misconduct are supported by the record. Most notably, respondent has admitted his misconduct under oath.

Finally, respondent has no defense under 22 NYCRR 603.3 (c) (3) because the misconduct for which respondent was disciplined in New Jersey constitutes misconduct in New York. RPC 1.15 (a) of the New Jersey Rules of Professional Conduct, which provides that "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property" and keep funds "in a separate account maintained in a financial institution in New Jersey" is analogous to New York's Code of Professional Responsibility DR 9-102 (A) and (B) (1) (22 NYCRR 1200.46), which provide, in pertinent part, that "[a] lawyer in possession of any funds or other property belonging to another person, where such possession is incident to his or her practice of law, is a fiduciary, and must not commingle such property with his or her own" and "shall maintain such funds in a banking institution within the State of New York * * * in a special account or accounts."

In addition, misuse of client funds violates RPC 1.15 (b), which is analogous to Code of Professional Responsibility DR 9-102 (C) (1) and (4). RPC 1.15 (b) provides: "Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive."

DR 9-102 (C) (1) and (4) require that an attorney:

"(1) promptly notify a client or third person of the receipt of funds, securities, or other properties in which the client or third person has an interest * * *

"(4) promptly pay or deliver to the client or third person as requested by the client or third person the funds, securities, or other properties in the possession of the lawyer which the client or third person is entitled to receive."

Hence, respondent's misuse of client funds within the meaning of RPC 1.15 (b) would constitute similar misconduct in New York.

Respondent, although served with the petition, has chosen not to appear, and there is no opposition to the petition. The Committee's petition for an order pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3 should, therefore, be granted.

As to the appropriate sanction, it is generally accepted that the State where respondent lived and practiced law at the time of the offense has the greatest interest in the issue and the public policy considerations relevant to such disciplinary actions (*see, Matter of Reiss*, 119 AD2d 1, 6). Furthermore, this Court has imposed disbarment as a sanction where it has found, *inter alia*, that respondent violated DR 9-102 (A) and (B) (*see, Matter of Schmidt*, 145 AD2d 103; *Matter of Malatesta*, 124 AD2d 62; *Matter of Walker*, 113 AD2d 254). Accordingly, respondent should be be disbarred upon the fact that he was similarly disciplined by the New Jersey Supreme Court on April 11, 1995.

ROSENBERGER, J. P., ELLERIN, KUPFERMAN, NARDELLI and MAZZARELLI, JJ., concur.

Petition granted, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately.