[685 NYS2d 185]

In the Matter of WILLIAM T. McCUE (Admitted as WILLIAM THOMAS McCUE), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 9, 1999

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, William T. McCue, was admitted to the practice

of law in the State of New York by this Department on September 15, 1980, as William Thomas McCue. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. On July 25, 1996 (223 AD2d 230), we granted an application by the Departmental Disciplinary Committee suspending respondent from practice on an interim basis pursuant to 22 NYCRR 603.4 (e) (1) (iii) based upon an order of the Supreme Court of the State of New Jersey dated February 6, 1996, temporarily suspending respondent based upon evidence that he had misappropriated more than $547,000 from the estate of Miriam B. Gordon, for which he was the trustee.

In its petition for emergent relief, the New Jersey Ethics Committee had set forth facts which showed that after respondent came into possession of the estate funds, he refused to render accountings to the distributees or anyone else showing the condition of the trust. Bank records revealed that during respondent's tenure as trustee, there were transfers of assets totaling at least $547,000 from the trust to the "Mary Vincent Martin Hanke Trust", an entity unknown to the distributees. It was also discovered that respondent failed to file fiduciary income tax returns for the trust from the date of Miriam B. Gordon's death through the date of respondent's resignation as trustee.

Subsequently, the New Jersey Supreme Court found that respondent had violated New Jersey Rules of Professional Conduct (RPC) 1.15 (knowing misappropriation of entrusted funds) and 8.4 (c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and disbarred respondent by an order filed May 6, 1998.

The Departmental Disciplinary Committee now moves for an order disbarring respondent pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 603.3 or, in the alternative, sanctioning respondent as this Court deems appropriate.

Respondent was provided with sufficient notice and opportunity to be heard in New Jersey, but the record shows that he chose not to appear. Accordingly, the findings of misconduct by the Supreme Court of New Jersey are supported by the record and respondent is precluded from raising the defenses enumerated at 22 NYCRR 603.3 (c) (1) and (2). In addition, respondent's knowing misappropriation of over $547,000 in funds that were to be held in trust for the estate clearly consti-

tutes disbarrable conduct in New York as well (*see, Matter of Catalfo,* 181 AD2d 213; *Matter of Rubin,* 174 AD2d 38; *Matter of Sylvan,* 166 AD2d 20).

The New Jersey Supreme Court found that respondent had violated RPC 1.15, which deals with safekeeping property. That section is analogous to Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46), which also requires a lawyer to preserve client funds in a separate account (*Matter of Spallino,* 218 AD2d 431). The New Jersey Supreme Court also found that respondent had violated Rules of Professional Conduct 8.4 (c), which states in language substantially similar to that of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3) that: "It is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation" (*see, Matter of Sylvan, supra*). Thus, respondent is precluded from raising the defense enumerated at 22 NYCRR 603.3 (c) (3) that the misconduct for which he was disbarred in New Jersey does not constitute misconduct in New York.

Accordingly, the motion of the Departmental Disciplinary Committee for an order pursuant to the doctrine of reciprocal discipline should be granted, and the respondent's name should be ordered stricken from the roster of attorneys in New York State.

ELLERIN, J. P., NARDELLI, WILLIAMS, RUBIN and TOM, JJ., concur.

Petition granted, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.